```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JOSEPH G. FERNBAUGH,         :
    Plaintiff
                               :

    vs.                         :    CIVIL NO. 1:CV-06-1361

METROPOLITAN LIFE          :
INSURANCE COMPANY,
    Defendant              :


M E M O R A N D U M

*I.   Introduction*

       Plaintiff, Joseph G. Fernbaugh, filed this action pursuant to 42 Pa. C.S.A. § 8371 seeking damages from Defendant, Metropolitan Life Insurance Company (MetLife), for its alleged refusal to pay $98,000.00 in insurance proceeds upon the death of his wife, an insured under a Federal Employees' Group Life Insurance (FEGLI) Policy.  The Pennsylvania statute permits a claimant to recover damages from an insurer for its refusal, in bad faith, to pay insurance proceeds.[1]  MetLife has moved to

---

[1]    42 Pa. C.S.A. § 8371 provides:
In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

    (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

    (2)  Award punitive damages against the insurer.

dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We will deny MetLife's motion to dismiss; however, we will dismiss Fernbaugh's claim for punitive damages, court costs, and prejudgment interest insofar as inconsistent with the terms of the FEGLI Policy.

II.   *Background*

Fernbaugh is the widower of the insured, who died on January 30, 2006, and is the beneficiary of her life insurance policy. As an employee of the Defense Logistics Agency, the insured participated in the FEGLI program and elected to receive optional life insurance coverage in the amount of $98,000.00 to supplement her standard coverage. Fernbaugh claims that the insured continued to pay the premiums for the optional insurance coverage after her retirement from federal employment in 2005. Upon the insured's death MetLife paid Fernbaugh $100,172.62, the proceeds for the insured's basic life insurance under the FEGLI Policy, but did not pay the $98,000.00 in optional insurance proceeds. Fernbaugh seeks interest on the unpaid optional insurance, punitive damages, court costs, and attorney's fees under the Pennsylvania statute.[2]

---

        (3)  Assess court costs and attorney fees against the insurer.

[2] Fernbaugh's Complaint includes a single cause of action for damages under 42 Pa. C.S.A. § 8371. This statute does not authorize recovery for the actual $98,000.00 optional insurance policy. Instead, it is a "separate and distinct cause of

2

*III.  Discussion*

In considering a motion to dismiss, a court must dismiss a claim that fails to assert a basis upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  The court will accept as true the factual allegations in the complaint and construe any inferences to be drawn from those allegations in the plaintiff's favor.  *See United States v. Occidental Chemical Corp.*, 200 F.3d 143, 147 (3d Cir. 1999).

In support of its motion, MetLife presents three arguments.  First, MetLife argues that Fernbaugh has not stated a claim under 42 Pa. C.S.A. § 8371 because MetLife is bound by the government's determination of a claimant's coverage.  (doc. 8, p. 2)  As a result, according to MetLife, it could not have acted in "bad faith" under the statute because it simply paid the proceeds based on the government's determination.  *Id*. at 3.  MetLife refers to other cases indicating its practice of paying insurance proceeds based on the government's determination as well as Section 13 of the FEGLI Policy which provides that the government's conclusion regarding the status of an insured is "conclusive."  *Id*. at 2.  This is an insufficient basis upon which to grant MetLife's Motion to Dismiss.

---

action" from an underlying breach of contract claim. *Doylestown Elec. Supply Co. v. Md. Cas. Ins. Co.*, 942 F. Supp. 1018, 1019-20 (E.D. Pa. 1996).  Fernbaugh may wish to consider amending his complaint (pursuant to Federal Rule of Civil Procedure 15(a)) to include an additional claim for recovery of the insurance policy benefit.

3

The notice pleading standard under the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). An insured seeking relief under 42 Pa. C.S.A. § 8371 must prove: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005). Fernbaugh's complaint alleges that MetLife refused to pay the optional insurance proceeds despite the insured's payment of the premiums and representations regarding the insured's coverage. The complaint further alleges that MetLife refused to pay the proceeds despite Fernbaugh's request that it do so. The facts as alleged by Fernbaugh, which we must accept as true for purposes of MetLife's motion, are sufficient under the Federal Rules of Civil Procedure. MetLife's allegation that its practice is to pay insurance benefits as determined by the government cannot defeat the claim on a motion to dismiss.

MetLife's second argument is that the Federal Employees' Group Life Insurance Act (FEGLIA), 5 U.S.C. §§ 8701-8716, provides the exclusive remedy for disputes concerning the proceeds of an insured's FEGLI Policy. (doc. 3, p. 3) Therefore, according to MetLife, Fernbaugh's state law claim is

preempted by FEGLIA and its corresponding regulations.  *Id*. at 8.  We reject this argument.

FEGLIA preempts state law to the extent that state law is inconsistent with the provisions of an insurance contract issued pursuant to FEGLIA.  FEGLIA's preemption clause provides:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.  5 U.S.C. § 8709(d)(1).

While Amendment 70 to the FEGLI Policy limits the damages available to a claimant, the Policy does not identify the type of action that a plaintiff may bring.  The provisions of the insurance contract are not inconsistent with Pennsylvania's bad faith statute and Fernbaugh's bad faith claim is not preempted by FEGLIA.

MetLife nonetheless believes that FEGLIA's preemption clause should be construed so as to bar causes of action other than those based on FEGLIA's statutory provisions.  (doc. 4, p. 7)  In presenting this argument, MetLife compares FEGLIA's preemption clause to the preemption clause found in the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. (doc. 4, p. 7)  ERISA's broader preemption clause provides that its provisions "shall supersede any and all State laws insofar

as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a).  Despite MetLife's contention, the two preemption clauses are distinct: FEGLIA's clause preempts state laws inconsistent with the terms of a FEGLI Policy while the ERISA clause preempts state law that conflicts with any of its statutory sections.

MetLife's third argument concerns Fernbaugh's claim for punitive damages.  MetLife contends that an amendment to the FEGLI Policy limits the damages available to a claimant and, therefore, preempts the availability of punitive damages under the Pennsylvania bad faith statute.  We agree and dismiss Fernbaugh's punitive damages claim.  Additionally, Fernbaugh's claim for court costs under the Pennsylvania statute is preempted by the FEGLI Policy and is dismissed.  Finally, the claim for prejudgment interest is only available according to the terms of the FEGLI Policy.

The FEGLI Policy, pursuant to Amendment 70, details the damages that a plaintiff may seek.  Amendment 70 provides:

> In any action at law or in equity, the Beneficiary of record or claimant, as specified in Section 11 hereof, shall be limited to the amount of recovery to the benefit claimed, plus reasonable attorney's fees as set by the court.  The term "benefit claimed" is limited to:
>
> 1. the amount of Life Insurance . . . in force hereunder on account of the Employee . . . at the date of the Employee's death; and
> 2. interest as specified in Subsection C of Section 4 hereof; and

6

>       3.  post-judgment interest at the statutory
>           rate allowed on judgments in the
>           applicable state.  (doc. 4, Ex. A3).

As noted, the FEGLI Policy preempts state law to the extent that the law is inconsistent with the Policy provisions.

While the FEGLI Policy permits recovery of insurance proceeds, prejudgment interest as provided in the Policy, post-judgment interest, and attorney's fees, it does not authorize recovery of punitive damages or court costs.  Due to the inconsistency of the FEGLI Policy and the Pennsylvania bad faith statute, FEGLIA's preemption clause operates to preempt Fernbaugh's claim under 42 Pa. C.S.A. § 8371 for punitive damages and court costs.

Fernbaugh's claim for prejudgment interest under the Pennsylvania statute is preempted to the extent that it is inconsistent with interest available to a claimant under the FEGLI Policy.[3]  Therefore, Fernbaugh may proceed under 42 Pa. C.S.A. § 8371 for recovery of attorney's fees and prejudgment interest as determined by the FEGLI Policy; however, we dismiss Fernbaugh's claim for punitive damages and court costs.

---

[3] 42 Pa. C.S.A. § 8371 permits a claimant to recover "interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%."  Amendments 65 and 72 to the FEGLI Policy revise Part C of Section 4 of the Policy regarding payment of interest.  The FEGLI Policy and the Pennsylvania statute are inconsistent regarding the amount of interest to be paid to a claimant as well as the date on which accrual begins.

7

Finally, Fernbaugh's opposition brief to MetLife's Motion to Dismiss contains an unjust enrichment claim that was not included in his complaint. (doc. 7, p. 7) A plaintiff, however, cannot amend a complaint through a brief in opposition to a motion to dismiss. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989). To properly plead unjust enrichment, Fernbaugh should consider amending the complaint pursuant to the Federal Rules of Civil Procedure.

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge

Date: September 21, 2006

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOSEPH G. FERNBAUGH,            :
        Plaintiff
                                :

        vs.                     :    CIVIL NO. 1:CV-06-1361

METROPOLITAN LIFE               :
INSURANCE COMPANY,
        Defendant               :
```

O R D E R

AND NOW, this 21st day of September, 2006, upon consideration of Defendant's Motion to Dismiss the Complaint, filed July 18, 2006 (doc. 3), based on the accompanying Memorandum, it is hereby ordered that:

    1. Defendant's Motion to Dismiss Plaintiff's Complaint is denied.

    2. Plaintiff's claim under 42 Pa. C.S.A. § 8371 for punitive damages and court costs is dismissed.

    3. Plaintiff may proceed under 42 Pa. C.S.A. § 8371 for recovery of attorney's fees and interest to the extent permitted by the Federal Employees' Group Life Insurance Policy. (doc. 4, ex. A2)

    4. Plaintiff shall have twenty days from the date of this order to file an amended complaint if he wishes to do so.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge